UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WALLACE BURKS,

    Petitioner

  v.                                                                         Case No. 07-C-0341

RANDALL HEPP,

    Respondent.

## MEMORANDUM DECISION AND ORDER

Petitioner Wallace Burks, a state prisoner now serving a sentence at Jackson Correctional Institution following the revocation of his parole and re-confinement, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Burks claims that his confinement is in violation of his constitutional rights. The case is presently before me on the Respondent's motion to dismiss the action on the ground that Burks has failed to exhaust his state court remedies. For the reasons that follow, the Respondent's motion will be granted.

## BACKGROUND

On March 15, 2002, following his pleas of guilty, Burks was convicted in the Circuit Court for Milwaukee County of misdemeanor obstructing an officer as a repeater, contrary to Wis. Stat. §§ 946.41(1) and 939.62, and felony fleeing an officer in a motor vehicle, contrary to Wis. Stat. § 346.04(3). Because Wisconsin's "truth in sentencing" ("TIS") reform did not apply to misdemeanor convictions at the time, Burks was given an indeterminate sentence of two years and

six months pursuant to Wis. Stat. § 973.013 for the obstructing as a repeater charge (count two). On the felony fleeing charge (count one), the court imposed a bifurcated TIS sentence of one year and six months initial confinement, followed by one year and six months of extended supervision. Count one was ordered to run consecutive to count two, and count two was made consecutive to any other sentence.

On April 19, 2005, Burks was released on community supervision after serving three years and two months in confinement. The supervision constituted parole on the indeterminate sentence and extended supervision on the TIS sentence. On December 12, 2006, an Administrative Law Judge ("ALJ") ordered his supervision revoked based on findings that he had used marijuana and cocaine. The ALJ ordered Burks re-incarcerated for ten months, the amount of time remaining on his indeterminate sentence, and ordered him returned to the Circuit Court for Milwaukee County for a re-confinement hearing on the TIS sentence. The Circuit Court ultimately ordered Burks re-confined for one year and six months.

On March 1, 2007, Burks filed a notice of intent to seek post-conviction relief from the re-confinement hearing. His state public defender is still awaiting the preparation of transcripts. On April 12, 2007, Burks filed this action for federal habeas corpus. Although the specific grounds upon which he claims he is entitled to federal relief are not clearly stated, it appears he is claiming that he already completed his sentences and his re-confinement is therefore unconstitutional.

## DISCUSSION

A federal district court may not grant an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court unless the petitioner has exhausted his state court remedies. 28 U.S.C. § 2254(b)(11)(A). Exhaustion of state court remedies means

2

"the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Lewis v. Sternes*, 390 F.3d 1019, 1025-26 (7th Cir. 2004) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

In this case, it is clear that Burks has not yet exhausted his state court remedies with respect to any claims arising out of the re-confinement proceeding. The Amended Order for Re-confinement was entered on March 1, 2007, and the transcripts of the proceedings have not yet been prepared. The Circuit Court's order of re-confinement has not even been reviewed by the Wisconsin's intermediate appellate court. Burks' petition for federal habeas corpus is therefore premature and must be dismissed.

Although the record does not reflect whether Burks has exhausted his state court remedies with respect to the revocation of his parole on the indeterminate sentence imposed on the obstructing charge, this does not change the result. State prisoners are required to exhaust state court remedies as to all claims before they may seek federal habeas relief. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982). Moreover, Burks' parole revocation resulted in his re-incarceration for only ten months. Given the period of re-confinement on the TIS sentence is almost double the time on parole revocation, a challenge to the parole revocation, even if successful, will not reduce the overall term of Burks' confinement unless the challenge to his re-confinement is also successful. Finally, it appears that Burks has filed a separate habeas petition challenging his parole revocation on the sentence for the obstructing charge in the Western District of Wisconsin. (Doc. # 13, attachment 2.) Since Burks may not maintain two petitions challenging his revocation, *see* 28 U.S.C. § 2244(b)(1), his petition in this case must be construed as challenging only the re-confinement order for the fleeing charge.

3

Based on the foregoing, I conclude that Burks has failed to exhaust his state court remedies. Since he has sufficient time in which to do so and, if necessary, seek federal habeas relief, the motion of the Respondent will be **GRANTED**. The action is dismissed for failure to exhaust state court remedies.

**SO ORDERED** this   22nd   day of June, 2007.

s/ William C. Griesbach  
William C. Griesbach  
U.S. District Judge