UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WALLACE BURKS,

        Petitioner,

v.                                     Case No. 07-C-341

RANDALL HEPP,

        Respondent.

**ORDER**

Petitioner filed a request for leave to proceed on appeal *in forma pauperis*; he also requires a certificate of appealability to proceed further. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

The certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 484 (internal quotation marks omitted) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). If the court issues a certificate of appealability it must indicate on which specific issue or issues the petitioner has satisfied the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3).

In dismissing Burks' habeas petition, I found that the petitioner had failed to exhaust his claims before the pertinent state authorities. His petition challenged the revocation of his supervised release (he claims the authorities lacked jurisdiction over him because his term of incarceration had

expired), which occurred through a hearing with an ALJ on December 12, 2006. On March 5, 2007, Burks filed a notice of intent to seek relief from the re-incarceration, but he filed this federal habeas action on April 12 before giving the state authorities the chance to review his case. Burks seems to persist in his belief that he has been wronged by state authorities and that everyone has misconstrued his case. But the fact remains that Burks must first allow the claims he now brings to be considered by the state courts before raising them in a federal § 2254 action. And, to the extent he brings other challenges, those are being considered in a separate § 2254 action in the Western District. Accordingly, because I find no debatable legal issues in the petition, I find no basis to grant a certificate of appealability.

In addition, the petitioner's request for IFP status on appeal will be denied because I find that any appeal is not taken in good faith. Section 1915(a)(3) states that an appeal may not be taken *in forma pauperis* if the district court certifies in writing that the appeal is not taken in good faith. "Good faith" is an objective standard. *Coppedge v. United States*, 369 U.S. 438, 446 (1962); *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). An appeal is taken in "good faith" if it seeks review of any issue that is not clearly frivolous, *Coppedge*, 369 U.S. at 446; *Lee*, 209 F.3d at 1026, meaning that a reasonable person could suppose it to have at least some legal merit, *Lee*, 209 F.3d at 1026; *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). The existence of any nonfrivolous issue on appeal is sufficient to require the court to grant the petition for leave to proceed *in forma pauperis*. *Dixon v. Pitchford*, 843 F.2d 268, 270 (7th Cir. 1988). Although the good faith standard is somewhat more lenient than that for granting a certificate of appealability, I conclude that the petitioner's appeal is meritless and certify that it would not be in good faith.

**THEREFORE, IT IS ORDERED** that the request for a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the motion to proceed without prepayment of fees is **DENIED** because I conclude that the appeal has not been taken in good faith.

A copy of this order will be sent by my clerk to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707; and to Gino J. Agnello, Circuit Clerk for the Seventh Circuit, United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604.

Dated this ___26th___ day of July, 2007.

        s/ William C. Griesbach
        William C. Griesbach
        United States District Judge